IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **LISA MIRZA**<br><br>     Plaintiff,<br><br>v.<br><br>**FORT BEND INDEPENDENT SCHOOL DISTRICT**<br><br>     Defendant. | CA NO._____<br><br><br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. PRELIMINARY STATEMENT

1.1. Plaintiff demands a JURY TRIAL in this employment retaliation case and discrimination suit as to any and all issues triable to a jury. Plaintiff alleges Defendant FORT BEND INDEPENDENT SCHOOL DISTRICT retaliated and discriminated against Plaintiff and took adverse personnel actions against Plaintiff.

1.2 COMES NOW, LISA MIRZA, (hereinafter referred to as "Plaintiff") complaining of and against FORT BEND INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as "Defendant" or "FORT BEND ISD"), and for cause of action respectfully shows the court the following:

2. PARTIES

2.1. Plaintiff is an individual who resided in Missouri City, Texas, Texas at the time the cause of action accrued.

2.2 Defendant FORT BEND ISD is an independent school district and s an employer engaging in an industry affecting interstate commerce, and employs more than 500

P a g e | 1

PLAINTIFF'S ORIGINAL COMPLAINT

regular employees. Defendant can be served by serving Charles Dupre 16431 Lexington Boulevard Sugarland, Texas 77498.

### 3. VENUE AND JURISDICTION

3.1. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. § 1391(b) because this is where in which all or part of the cause of action accrued and the District where Defendant maintained an agency or representative. This District is also where Plaintiff worked for Defendant.

3.2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act, as amended.

3.2.1. Declaratory and injunctive relief is sought pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act, as amended.

3.3. Actual damages, to include back pay and front pay are sought pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act, as amended.

3.4. Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP and Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act, as amended.

3.5 Compensatory damages may be awarded pursuant to Title VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act, as amended.

4. <u>STATEMENT OF CASE</u>

4.1 Plaintiff is a 24-year loyal and experienced former employee of Fort Bend Independent School District. Plaintiff has a total of 26 years in K-12. She is an accomplished IT Leader. Through many organization changes and changes in leadership at Fort Bend ISD Plaintiff managed and earned many promotions – including going from teacher to working in instruction technology up to Public Education Management System Coordinator, Manger Student Information ultimately to Director Student Information Systems Services. Lisa Mirza loved her job and performed it well.

4.2 In 2013, Defendant hired a male, Long Pham as the Chief Information Officer. Mr. Pham had no K-12 School District Technology experience or Student Information System Experience. Plaintiff reported to this position. Together, they ultimately reported to the same supervisor.

4.3 Plaintiff's department experienced a demand in services. She prepared a well-researched new department organization plan to this new Chief Information Officer which included more high-level technical positions because of this high demand. The cost of this proposal would only have been a $12,000.00 increase in the then current staffing budget.

4.4 Mr. Pham refused to consider this new organization plan proposal. Instead, he developed a technology organization plan that added brand new two director level positions (one was Executive Director) with Director level pay. This new plan came with an increase cost of **over $200,000!**

4.5 Mr. Pham hired a person for the Executive Director level position who had NO experience in Student Information Systems or State and Federal reporting. Mr. Pham ignored Plaintiff's concerns. It is Plaintiff's understanding that Mr. Pham failed to post this position.

P a g e | 4

4.6 In early April 2016, an employee in Plaintiff's department, Chuck Nguyen submitted his resignation. Plaintiff really liked Chuck, thought he was a good worker and understood he was looking for a higher paying job because of a new child.

4.7 Mr. Pham proceeded to send Plaintiff numerous text messages requesting that she offer Chuck Nguyen a programmer position to keep him from leaving the district – even though Chuck did not have a programming degree or a programming skill set and was not qualified for such a position. In fact, Chuck had said that a programming class had been incredibly difficult for him. This would have been one of the highest paying and most technical positions in Plaintiff's department.

4.8 Indeed, Mr. Pham offered Chuck Nguyen a position to stay and Chuck declined.

4.9 Mr. Pham wholly failed to offer Plaintiff a position to stay with the district after he organized her termination.

4.10    Plaintiff submitted a memorandum to Dr. Dupre, the male superintendent of the district outlining her concerns regarding the proposed organization which included the fact the differences in the stewardship of public funds with the differences of almost $200,000, not in favor of public stewardship of funds. This was the first such memo of concern, complaint or grievance Plaintiff had ever filed on over 24 years.

4.11    Dr. Dupre never bothered to respond to Plaintiff's memo. This was disappointing since he had told her specifically to contact him if she ever needed anything including additional staff. He said he always had an open-door policy.

4.12    On April 29, 2016, Plaintiff was written up for the first time ever in her 26-year career. This was for allegedly showing a 52 second video clip of a live music performance as an ice

**PLAINTIFF'S ORIGINAL COMPLAINT**

breaker at the beginning of a state-of-the-art music training session. Someone believed they heard the word "bitch." This was not true.

4.13   Mr. Pham did not attend the training session or watch the video clip. The allegation then said the racially offensive term was "gold digger."

4.14   Gold digger is not racially offensive. In fact, it does not relate to race at all.

4.15.   Defendant indicated that two people complained in writing but failed to show Plaintiff any names of the complainants. In addition, these allegations contained information that the video clip used the "n" word. Nothing could be more untrue. Mr. Pham could not see this, however, as he wholly refused to view the video when Plaintiff offered it. All these reasons were pretextual and not legitimate.

4.16   Plaintiff responded in detail to the write up including the words of the video clip which she specifically reviewed to ensure that it was appropriate. It was.

4.17   Even though the video clip was not offensive, did not violate any polices and was appropriate, Defendant upheld this write up.

4.18   It was important to note this event was not for students but for staff.

4.19   Earlier that same day, April 29, 2016, a male director, one of Plaintiff's peers, organized and managed an event for students. Mr. Pham attended this event. This event, unlike Plaintiff's, had several inappropriate terms and words used throughout the song which the senior students danced to.

4.20   Defendant did not write up this male director, Plaintiff's peer.

4.21   When Plaintiff responded to that write up she specifically indicated that she was treated unfairly, and included information of the video of the male who was treated more fairly than me. Plaintiff opposed the more favorable treatment to the male employee.

4.22   On July 12, 2016, Defendant informed Plaintiff that she was terminated and that her position was eliminated. The staff in Plaintiff's department would now report to a newly created position, a position that Plaintiff I was not offered and that was not posted.

4.23   Plaintiff's peer director, the Director of Information Technology Services did not lose his job nor was he terminated. He is a male. He continues to report to the male Chief Information Officer, Mr. Pham.

4.24   Mr. Pham did not offer Plaintiff any other position in the department after over 24 years.

4.25   Defendant, Fort Bend Independent School District, has discriminated against Plaintiff and retaliated against her for engaging in protected activity in violation of, Title VII of the Civil Rights Act of 1964, as amended and because of her gender (female) and the Age Discrimination in Employment Act, as amended, based on Plaintiff's age (over 40).

## 4   TIMELINESS

4.8   Plaintiff brought this suit within 90 days from the date of receipt of the notice of right to sue.

## 5   ADMINISTRATIVE CONDITIONS PRECEDENT

5.8   Plaintiff has completed all administrative conditions precedent since Plaintiff filed Plaintiff's charge of discrimination within 300 days of the date Plaintiff learned of the adverse employment action.

## 6   DAMAGES

6.8   As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including, but not limited to, substantial loss of income; humiliation and embarrassment among co-workers and others; sustained damage

to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

## 7 ATTORNEY'S FEES

7.8   Defendant' action and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of ROSENBERG & SPROVACH, 3518 Travis, Suite 200, Houston, Texas 77002 in initiating this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## 8 PRAYER

8.8   WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff have the following relief:

8.8.1   Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

8.8.2   Judgment against Defendant, for back pay lost by Plaintiff as alleged herein;

8.8.3   Judgment against Defendant, for front pay by Plaintiff as alleged herein;

8.8.4   Grant Plaintiff general damages for the damage to Plaintiff's reputation;

8.8.5   Pre-judgment interest at the highest legal rate;

8.8.6   Post-judgment interest at the highest legal rate until paid;

8.8.7   Damages for mental pain and mental anguish;

8.8.8   Compensatory damages;

8.8.9 Attorney's fees;

8.8.10 All costs of court expended herein;

8.8.11 Such other and further relief, at law or in equity, general or special to which Plaintiff may show Plaintiff justly entitled.

Respectfully Submitted,

/s/ *Ellen Sprovach*
Ellen Sprovach
Texas State Bar ID 24000672
USDC SD/TX No. 22202
ROSENBERG & SPROVACH
3518 Travis, Suite 200
Houston, Texas 77002
(713) 960-8300
(713) 621-6670 (Facsimile)
Attorney-in-Charge for Plaintiff

OF COUNSEL:
Gregg M. Rosenberg
ROSENBERG & SPROVACH

ATTORNEYS FOR PLAINTIFF